IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETER MAMBO,

      Plaintiff,

vs.

TWU UNION LOCAL 555,

      Defendant.

No.     1:15-cv-00117 PJK-WPL

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant TWU Union Local 555's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed October 1, 2015 (Doc. 23), and the court, being fully advised in the premises finds that the motion is well-taken and should be granted. Accordingly, the pending motion to compel (Doc. 35) should be denied as moot.

Background

Plaintiff Peter Mambo filed this action on February 9, 2015, against the Defendant union claiming that it breached its duty of fair representation (Count I) after various altercations with fellow Southwest Airlines employees in 2013 and 2014 resulting in discipline that was ultimately modified. He contends he was terminated because the

union refused to represent him and bring greivances on his behalf.  Doc. 1, ¶¶ 43–45.  In the last such incident, Plaintiff was terminated by Southwest Airlines (employer) on February 11, 2014, in part for allegedly urinating in a break room.  Id. ¶ 33.  Plaintiff denied this allegation, and the union initially filed a grievance on his behalf.  Id. ¶¶ 29, 33–34.  On March 6, 2014, the union told Plaintiff that it would not pursue his grievance and would accept the employer's offer of reinstatement with conditions.  Id. ¶¶ 34–36. Plaintiff contends that he was forced to accept the employer's offer even though false allegations would remain in his personnel file for a year, thereby tarnishing his image, inhibiting his advancement in the company, and forcing him to move.  Id. ¶ 39.

In addition, Plaintiff brings a claim of defamation (Count II).  He contends that union representatives have informed employees in Dallas, Las Vegas, and Albuquerque, that Plaintiff was seen urinating in a break room, knowing that the statements are false. Id. ¶¶ 51–52.  He contends that the witness statements are false, but were the subject of employer investigation and ultimately the grievance after termination.  Id. ¶¶ 28–29.

Finally, Plaintiff brings a race discrimination claim, 42 U.S.C. § 1981 (Count III), alleging that as an African-American, he is a member of a protected class and that he was discriminated against; that the union failed to represent Plaintiff in his termination process, but did represent non-African-American employees, thereby interfering with his relationship with the employer through the collective bargaining agreement (CBA).  Id. ¶¶ 58–61.

Defendant has moved to dismiss on the grounds that (1) the failure-to-represent claim is barred by a six-month limitation period, (2) the failure-to-represent claim lacks plausibility because no facts suggest union conduct that is arbitrary, discriminatory, or in bad faith, (3) the race discrimination claim lacks plausibility because it is mere argument, not supported by facts, and is a repackaging of the time-barred failure-to-represent claim, and (4) the state-law claim of defamation is preempted.

## Discussion

In deciding a motion to dismiss under Federal Rule Civil Procedure 12(b)(6), the court views well-pleaded factual allegations as true.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  A plaintiff must provide sufficient factual information to state a claim for relief that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Legal conclusions are insufficient, and a plaintiff must provide more than a recital of the elements or conclusory assertions.  Iqbal, 556 U.S. at 678–79.  Additionally, the well-pleaded factual allegations must raise the inference that the defendant is liable, not merely possibly liable.  Id. at 679.

Judged by these standards, the court should grant the motion to dismiss Counts I and III of the complaint; Count II should be dismissed because it is preempted.  Turning to Count I, Plaintiff's claim is a hybrid claim under the CBA and § 301 of the Labor Managment Relations Act, where an employee necessarily claims that the employer has breached the CBA and that the union has breached its duty of fair representation.  See

<u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 164–65 (1983).  Regardless of whether the employee sues the employer, he must prove both claims.  <u>Id.</u> at 165.  A six-month limitation period applies.  <u>Id.</u> at 171.

Construing the complaint liberally, Plaintiff's complaints against the union began May 7, 2013, and ran through March 6, 2014, when the union indicated it would not pursue a grievance.  Complaint, ¶¶ 11–36.  The limitation period commences when an employee knows or should have known with reasonable diligence of the facts comprising the union's breach of the duty of fair representation.  <u>Lucas v. Mountain States Tel. & Tel.</u>, 909 F.2d 419, 420–21 (10th Cir. 1990) (per curiam).  Plaintiff filed his complaint on February 9, 2015, some eleven months after the union indicated it would not pursue a grievance.   The claim is based upon events well outside the six-month limitation period and is time barred.  Perhaps sensing this, Plaintiff claims that his claims really arise under the Labor-Management Reporting & Disclosure Act (LMRDA), 29 U.S.C. §§ 401, 411, & 412, which seeks to ensure democratic processes in unions.  By its express terms, however, Count I is a claim for breach of the duty of fair representation and not surprisingly, the parties so stipulated.  <u>See</u> Doc. 15 at 2 ; <u>Cantrell v. Int'l Bhd. of Elec. Workers</u>, 32 F.3d 465, 467 (10th Cir. 1994) (rejecting similar argument that LMRDA limitation period should apply).

As to Count II, Plaintiff contends that statements made by union representatives to other employees in Dallas, Las Vegas, and Albuquerque (that Plaintiff was seen urinating in the Dallas break room) defamed him.  Complaint, ¶¶ 50–55.  Resolving this state tort

claim would necessarily require the court to interpret the CBA and determine what the CBA permitted vis-a-vis the grievance process.  See Garley v. Sandia Corp., 236 F.3d 1200, 1211 (10th Cir. 2001) (state-law defamation claim preempted); Mock v. T.G. &Y., Stores Co., 971 F.2d 522, 530 (10th Cir. 1995) (same); see also Steinbach v. Dillon Cos., Inc., 253 F.3d 538, 541–42 (10th Cir. 2001).  The defamation claim is preempted.

Finally, the race discrimination claim under 42 U.S.C. § 1981 is devoid of facts. Section 1981 prohibits discrimination in the making and enforcement of contracts.  To prove such a claim, a plaintiff must allege that he is a member of a protected class, the defendant intended to discriminate on the basis of race, and the discrimination interfered with some aspect of making or performing a contract.  See Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091, 1101–02 (10th Cir. 2001).  Plaintiff's contention that all events can be explained by discrimination and that the union represented other non-African-Americans in grievance proceedings (hence, it engaged in discrimination under § 1981) is not sufficient to nudge this claim from the utterly speculative to the plausible. Plaintiff simply has not pled any facts that would allow the court to draw the reasonable inference that the union is liable on a § 1981 theory.  See Iqbal, 556 U.S. at 678.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

(1) Defendant TWU Union Local 555's Motion to Dismiss Pursuant to Rule 12(b)(6), F.R.C.P. filed October 1, 2015 (Doc. 23) is granted; and

(2) Plaintiff's Motion to Compel filed November 16, 2015 (Doc. 35) is denied as moot.

-5-

DATED this <u>1st</u> day of December 2015, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation

Counsel:
Peter Mambo, pro se.

Edward B. Cloutman, III, Cloutman & Cloutman, L.L.P., Dallas, Texas, and Shane C.
Youtz and Stephen Curtice, Youtz & Valdez, P.C., Albuquerque, New Mexico, for
Defendant.